**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MiCamp Solutions LLC, | No. CV-19-05468-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| National Processing LLC, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 86.) Plaintiff MiCamp Solutions LLC ("Plaintiff" or "MiCamp") moves to amend the First Amended Complaint to add two new defendants under an alter ego theory of liability. Defendant National Processing LLC ("Defendant" or "National Processing") opposes the motion. For the following reasons, the motion is denied.

**I.**

Plaintiff filed its Complaint in Arizona Superior Court on July 26, 2019. (Doc. 1-3 at 5.) Plaintiff then filed the First Amended Complaint, also in state court, on October 23, 2019. (Doc. 1-3 at 10.) It asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, and for a declaratory judgment.[1] (*Id*. at 12–15.) Defendant removed the case to this Court on October 22, 2019. (Doc. 1.) The Scheduling Order in this case set the deadline to move to amend pleadings as January 31, 2020. (Doc. 20 at 1.)

---

[1] Defendant has also filed counterclaims against Plaintiff for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with prospective business relations, violations of the Lanham Act, and unfair competition. (Doc. 21.) These counterclaims are not directly relevant for purposes of the present motion.

Plaintiff filed the present motion on January 8, 2021. (Doc. 86.) The Court heard oral argument on January 26, 2021.[2] (Doc. 99.)

**II.**

The motion states that Plaintiff seeks to amend the Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. (Doc. 86 at 1.) Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As Defendant argues, however, because Plaintiff moves to amend after the deadline, the present motion is governed by Rule 16(b), not 15(a). (Doc. 95 at 4.)

Rule 16(b)(3)(A) requires a district court to include a deadline for amending pleadings in its scheduling order. Fed. R. Civ. P. 16(b)(3)(A) ("The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."). "Normally, attempts to amend complaints before the Federal Rule of Civil Procedure 16 scheduling order's deadline are addressed under Rule 15." *AZ Holding, L.L.C. v. Frederick*, No. CV-08-0276-PHX-LOA, 2009 WL 3063314, at *3 (D. Ariz. Sept. 22, 2009). But when "an amendment would require an extension of the scheduling order deadlines, Rule 16's good-cause standard is considered first." *Id*. *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (A "party seeking to amend [a] pleading after [the] date specified in scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15.") (citation omitted). Plaintiff does not dispute that it filed the present motion after the amendment deadline. (Doc. 86 at 4.)

The Court first addresses, as a threshold matter, whether Plaintiff's failure to bring a motion to modify the Scheduling Order is fatal. Plaintiff's motion does not cite Rule 16. (Doc. 86 at 4.) Defendant's counsel emphasized at oral argument that this "procedural" shortcoming was sufficient reason to deny the motion. The Ninth Circuit Court of Appeals has indicated that district courts *may* deny untimely motions to amend on this basis. *See Johnson*, 975 F.2d 608–09. Nonetheless, multiple courts have construed untimely motions

---

[2] The Court also addressed Defendant's Motion for Extension of Discovery (Doc. 99) and a joint discovery dispute (Docs. 91, 92), both of which were resolved at the hearing.

- 2 -

to amend as motions to modify the scheduling order. *See, e.g., Jacobs Silver K Farm, Inc. v. Taylor Produce, LLC*, No. 4:13-CV-00535-EJL-CWD, 2015 WL 12839162, at *4 (D. Idaho Sept. 3, 2015) ("The Court therefore construes [plaintiff's] motion to amend its complaint as including also a motion to amend the deadline within which to file an amended complaint."); *Williams v. Perdue*, No. C19-0444-JCC, 2020 WL 5893408, at *1 (W.D. Wash. Oct. 5, 2020) ("[T]he Court concludes that it may construe a party's untimely motion for leave to amend as a motion to modify the scheduling order, and it does so here."). The Court will construe the present motion as containing a motion to amend the Scheduling Order, and will not deny it on this basis.

### III.

The Court next addresses the merits of the motion. As noted, Plaintiff must demonstrate "good cause" to modify the Scheduling Order. Fed. R. Civ. P. 16(b)(4). This District "consistently upholds the good-cause standard regarding amending pleadings after the scheduling order's amendment deadline has expired." *Reg'l Care Servs. v. Companion Life Ins. Co.*, No. CV-10-2597-PHX-LOA, 2012 WL 1018937, at *4 (D. Ariz. Mar. 26, 2012). Under this standard, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Courts specifically focus on the "diligence of the party seeking the amendment." *Id*.

Plaintiff seeks to add Wayne Hamilton and his wife, Kenzi Hamilton, as new defendants and the alter egos of National Processing.[3] (Doc. 86 at 1.) Plaintiff asserts that it learned of the need to amend the Complaint at the December 11, 2020 deposition of Defendant's former Director of Finance, Jill Putnam. (*Id*. at 2; Doc. 86-1 at 10.) Ms. Putnam stated that in her role, she was responsible for "any and all accounting and financial responsibilities," including Mr. Hamilton's personal finances. (Doc. 86-1 at 11.) She also stated that Mr. Hamilton received distributions from Defendant "whenever he wanted one," and that he deposited money from his own personal account into Defendant's "as needed." (*Id*. at 13, 14.) Plaintiff relies on this and other testimony to assert that the Hamiltons are

---

[3] The Hamiltons are the two members of Defendant, a limited liability company. (Docs. 86-1 at 5; 95 at 8.)

- 3 -

liable as Defendant's alter egos.

Plaintiff filed the present motion on January 8, 2021—nearly one year after the amendment deadline, and, at the time, the same day as the discovery deadline.[4] Plaintiff states that its proposed amendments "could not have reasonably been pled" prior to Ms. Putnam's deposition. (Doc. 86 at 4.) Plaintiff previously "had no reason" to believe that the Hamiltons used Defendant's "assets for their own benefit and that they regularly intermingled their personal funds with the company's funds." (Doc. 86 at 4.) Plaintiff also states that it "simply could not have complied with its Rule 11 obligations" any time prior to Ms. Putman's deposition. (*Id*.)

As noted, the primary consideration in the Rule 16 good cause analysis is the "diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. The Court finds that Plaintiff has not demonstrated diligence in seeking amendment. Plaintiff's motion, for example, does not reference the fact that it deposed Mr. Hamilton on July 15, 2020—five months before Ms. Putnam's deposition. (Doc. 62.) Plaintiff does not indicate whether similar questions were asked of Mr. Hamilton. Defendant, in fact, states in its response that Plaintiff did not "ask him *any* questions about these topics."[5] (Doc. 95 at 5) (emphasis in original). Plaintiff also does not state whether it attempted to uncover these alleged facts through written discovery.

Further, as compared with the nearly one-year delay in this case, courts have found a lack of good cause for motions filed *on* the amendment deadline or shortly thereafter. *See, e.g*, *Barker v. Hertz Corp.*, No. CV07-554PHX-MHM, 2007 WL 4410253, at *4 (D. Ariz. Dec. 13, 2007) (denying motion to amend complaint filed on the Rule 16 amendment deadline where "Plaintiff has not shown good cause and offers no valid basis on which to extend the Rule 16 scheduling deadlines"); *Brooks v. Eclipse Recreational Vehicles, Inc.*, No. CV-08-1731-PHX-LOA, 2009 WL 1616017, at *3 (D. Ariz. June 9, 2009) (denying

---

[4] At the January 26, 2021 hearing, the Court extended the discovery deadline to March 26, 2021. (Doc 99.)
[5] Plaintiff's reply indicates that it "would not have learned about alter ego liability even if it had asked [Mr. Hamilton] about it at his deposition." (Doc. 96 at 2.) This assumed futility is not sufficient to demonstrate diligence, however.

- 4 -

motion to amend complaint filed 11 days after amendment deadline for failure to show good cause); *Villa v. Brass Eagle, LLC*, No. CV-06-0870-PHX-FJM, 2007 WL 446349, at *1 (D. Ariz. Feb. 7, 2007) (denying unopposed motion to amend filed three months after amendment deadline).

That Plaintiff filed the motion nearly one month after Ms. Putnam's deposition also does not indicate diligence. *See Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002) (a one-month delay in filing after learning facts from a witness's deposition did not constitute diligence under Rule 16). Plaintiff asserts that after Ms. Putnam's deposition, it "immediately" raised the prospect of alter ego liability with Defendant's counsel, and "offered" Defendant "the opportunity" to produce documentation demonstrating that Ms. Putnam's testimony was inaccurate. (Doc. 96 at 3.) Plaintiff states that Defendant "initially indicated it would consider MiCamp's proposal" but ultimately "withdrew from good faith compromise discussions." (*Id.*) Plaintiff then filed the present motion within 48 hours. (*Id.*) The Court finds that "neither good cause nor reliance that was *justified* exists" to permit late amendment in these circumstances. *Brooks*, 2009 WL 1616017, at *3 (emphasis in original).

Pleadings "cannot be a continuously moving target for obvious reasons." *Reg'l Care Servs.*, 2012 WL 1018937, at *5 (citation omitted). The amendment deadline "serves to frame the issues at a fixed point in time so that the parties have an adequate opportunity to prepare their respective positions moving forward." *Id*. Plaintiff had many months to move to amend its Complaint, at a time in which all parties would have been amply able to prepare their respective positions and actively litigate this case. But by waiting until the close of discovery, and nearly one year after the amendment deadline, Plaintiff has not demonstrated the diligence required under Rule 16's good cause standard.

**IV.**

Further, although it is a secondary concern under Rule 16, "the existence or degree of prejudice" to the party opposing amendment may supply additional reasons to deny the motion. *Johnson*, 975 F.2d at 609. Plaintiff states that the Hamiltons' addition to this case

"would not require any additional discovery, would not require them to hire separate counsel, and would not require any delays in the resolution of this case." (Doc. 86 at 6.) These are not Plaintiff's decision to make, however, and the Court would almost certainly permit new defendants to hire counsel of their choosing, to conduct discovery, and to prepare dispositive motions. Even with such accommodations, this case has been pending for over a year and a half, and the dispositive motion deadline is quickly approaching.[6] *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.") (citation omitted). This prejudice, "although not required under Rule 16(b), supplies an additional reason for denying the motion." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Because the Court concludes that Plaintiff was not diligent in seeking leave to amend, and because amendment would be prejudicial, Plaintiff has not met Rule 16's good cause requirement to amend the Scheduling Order. The Court therefore does not assess whether leave is appropriate under Rule 15. *See Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.") (internal quotations omitted).

**V.**

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 86.)

Dated this 28th day of January, 2021.

Michael T. Liburdi
United States District Judge

---

[6] At the January 26, 2021 hearing, the Court extended the dispositive motion deadline to April 23, 2021. (Doc. 99.)